**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BOBBY MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:25-cv-00441-SEP |
| | ) | |
| NRRM, LLC D/B/A CARSHIELD | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendants' Motion to Dismiss, Doc. [8]. For the reasons set forth below, the motion is denied.

**FACTS AND BACKGROUND[1]**

Plaintiff Bobby Morris alleges that he repeatedly received unwanted telemarketing calls from Defendant CarShield. Doc. [5]. Despite his registration on the national Do Not Call list, CarShield called him seven times in less than an hour to advertise its services. *Id.* ¶¶ 19-20. Morris alleges no prior relationship with CarShield, denies consenting to the calls, and claims to have repeatedly asked CarShield to stop calling him. *Id.* ¶¶ 24, 25, 32, 34. After receiving the calls, he sent a letter to CarShield asking why he received them. *Id*. ¶ 26. Finding the response unsatisfactory, Morris filed this lawsuit asserting the following claims:

> Count I: Making telemarketing calls to members of the National Do Not Call Registry in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c).

> Count II: Making telemarketing calls to members of CarShield's Internal Do Not Call Registry in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d).

*Id.* ¶¶ 53-61.

Defendant moves to dismiss both counts. *See* Doc. [8]. To its memorandum in support, Defendant attaches audio recordings of three calls, Docs. [9-3], [9-4], [9-5], transcripts of those calls, Docs. [9-8], [9-10], [9-12]; data allegedly submitted by Plaintiff through Defendant's website and consent language on that website, Doc. [9-6]; and a purported chronology of

---

[1] For purposes of the motion to dismiss, the Court takes the factual allegations in the Complaint, Doc. [5], to be true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

interactions between Plaintiff and Defendant, Doc. [9-13].  Defendant argues that the attachments to its memorandum are "necessarily embraced" by the Complaint and should be considered by the Court on review of its motion to dismiss.  Doc. [9] at 6-10.

The first recording (i.e., the 11:07 a.m. call) is a voicemail in which a CarShield employee calls Morris by name, identifies the model of Morris's car and indicates that he called at Morris's request.  Doc. [9-3].  In the second recording (i.e., the 11:36 a.m. call), a CarShield employee has a conversation with Morris.  Doc. [9-4].  He begins by stating that he is an employee from CarShield calling to get information on "protection for the 2001 Ford F250" and proceeds to confirm the car's mileage and ask questions regarding the car's condition.  *Id.* Plaintiff provides one-word responses.  *Id*.  After the questions, the employee tells Plaintiff he is going to connect him with a specialist and puts him on hold.  *Id*.  After Plaintiff is on hold for close to a minute, the call disconnects.  *Id*.  In the third recording (i.e., the 11:42 a.m. recording), a CarShield employee calls Morris to connect him with a specialist.  Doc. [9-5].  After Morris responds, the CarShield employee puts him on hold and successfully transfers him to a specialist. *Id.*  The call disconnects while the specialist is talking to Morris.  *Id*.  As in the other two calls, Plaintiff minimally engages with the caller without objecting to the call.  *Id*.

In response to the motion to dismiss, Plaintiff submitted an affidavit alleging that he never visited Defendant's website and never consented to being contacted in any way and implying that Defendant's putative evidence to the contrary is fabricated.  Doc. [15-1] ¶¶ 11-17.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.544, 570 (2007)).

Determining if well-pleaded factual allegations state a "plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 679.  A plaintiff's allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Whitney v. Guys,*

2

*Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  The well-pleaded facts must establish more than a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and "grant all reasonable inferences in favor of the nonmoving party," *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009)).  But if a claim fails to allege one of the elements necessary to recovery on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted.  *See Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Although courts must accept all well-pleaded factual allegations as true, they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

Generally, on a motion to dismiss, a court may not consider matters outside of the pleadings.  "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d).  "Most courts . . . view 'matters outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992) (quoting Wright & Miller, Federal Practice and Procedure § 1366).  "Documents necessarily embraced by the pleadings" may be considered on a motion to dismiss, even if not filed with the pleadings.  *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012).  Such documents include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003).

DISCUSSION

**I.     The recordings of phone calls are necessarily embraced by the Complaint but the other materials attached to Defendant's memorandum in support are not.**

As outlined above, Defendant asks the Court to consider evidence that Plaintiff provided prior consent to the calls and that Plaintiff never asked CarShield to stop calling him, arguing that such evidence is "necessarily embraced" by the Complaint.  The Court agrees only in part.

3

The Complaint alleges the content of the calls, Doc. [5] ¶¶ 22-24, and Plaintiff does not dispute the authenticity of the recordings, *see* Doc. [15-1] ¶ 31 (contesting their completeness but not their authenticity). They may therefore be considered by the Court on a motion to dismiss despite not being physically attached to a pleading.[2] *See Kushner* 317 F.3d at 831; *see also, e.g.,* *Herron v. E.W. Scripps Co.,* 776 F. App'x 929, 930 n.2 (8th Cir. 2019) (finding video recordings to be embraced by a complaint).

The printouts from Defendant's website, Doc. [9-6], are a different story. The Complaint does not allege any form of prior interaction or relationship between the parties,[3] never mind the contents of the documents Defendant submits for the Court's consideration. *See generally* Doc. [5]. And Plaintiff denies their authenticity. Docs. [15] at 6-7, [15-1] ¶¶ 8-17. Therefore, the materials from Defendants' website will not be considered at this stage.

The Complaint also does not allege all of the contents of the chronology. While the Complaint does allege phone calls, the chronology also purports to document events that the Complaint does not allege, including one entitled "Info Request Submitted (IP Consent Captured)"—which Plaintiff contests, *see* Docs. [15] at 6-7, [15-1] ¶¶ 8-17—and one entitled "CarShield Blocks Number (Due to Repeated Disconnects)." Because the contents of the chronology exceed what is alleged in the Complaint, and Plaintiff contests the authenticity of some of its contents, the Court finds that it is not "necessarily embraced" by the pleadings and will not consider it in evaluating Defendant's the motion to dismiss.

## II.    <u>Without the improper attachments, Defendant's motion fails.</u>

Defendant argues that Plaintiff fails to state a claim for violation of the Telephone Consumer Protection Act because Plaintiff consented to Defendants' calls, as evinced by the attachments to Defendant's memorandum. *See* Doc. [9] at 6-10. The Court declines to consider any of those attachments except the recordings of calls. Viewed in the light most favorable to Plaintiff, those recordings do not prove that Plaintiff consented to being called by Defendant.

---

[2] The Court will use the recordings rather than the transcripts since the recordings include potentially material information (e.g., tone of voice and volume) not included in the transcripts. The Court therefore does not decide whether the transcripts may be considered at the motion to dismiss stage.

[3] This case thus differs from *Zean v. Fairview Health Servs*, in which "the Complaint alleged breach of a statutory TCPA duty arising out of a contractual relationship." 858 F.3d 520, 527 (8th Cir. 2017). Here, Plaintiff alleges no pre-existing relationship. *See Shears-Barnes v. Acurian, Inc.,* 2021 WL 1201671 at *3 (E.D. Ark. Mar. 29, 2021).

On one of the calls, Defendant's representative referred to "information [Plaintiff] requested," and asked Plaintiff to confirm  "(1) the make and model of his Vehicle; (2) his zip code; (3) the number of miles on the Vehicle; (4) the fact that the Vehicle had no check engine light warnings and was not leaking fluid; and (5) that the Vehicle was otherwise running well overall." *Id.* at 8.[4] And Plaintiff confirmed the information. *Id.* That is hardly decisive proof of consent. CarShield's own representative stating that Plaintiff requested information does not prove that Plaintiff actually did. Also, not every request for information implies consent to a telemarketing call. And CarShield possessing some information about Plaintiff's car does not prove that Plaintiff provided prior consent for a phone call. CarShield could have obtained the information from a third party, or Plaintiff could have provided it by some method that did not involve consenting to telemarketing calls.

The recordings also do not prove that Plaintiff "never once revoked his consent" to being called. *Id.* at 10. Plaintiff alleges that he "responded during multiple of the calls that he was not interested and to stop calling, but the Defendant appears to simply have retaliated against the Plaintiff by calling him more and continuing to call him." Doc. [5] ¶ 24. Defendant provides the actual content of three calls to Plaintiff and notes that nothing in those calls indicated that Plaintiff was not interested in receiving them. *See* Docs. [9] at 10, [9-3], [9-4], [9-5]. But Plaintiff alleges at that he received "at least [seven] calls." Doc. [5] ¶ 20. Thus, even taking the recordings to be complete (which Plaintiff contests, Doc. [15-1] ¶ 31), Defendant has not disproven Plaintiff's allegation that he asked Defendant to stop calling him.

Accepting Plaintiff's allegations as true and drawing every reasonable inference in his favor, he has successfully stated both of his TCPA claims. *See Twombly*, 550 U.S. at 570. Defendant's Motion to Dismiss, Doc. [8], is therefore denied.

## III.    <u>The parties are reminded of their obligations under Rule 11.</u>

In the briefing of this motion, each party implies that the other has engaged in serious misconduct. Specifically, with its motion, Defendant submitted a document purporting to be the record of a website form filled out by Plaintiff. Doc. [9-6]. In response, Plaintiff submitted a sworn affidavit stating, "I never visited CarShield's website or any affiliated website and never submitted any of my personal information or telephone number to CarShield or any related

---

[4] The Court also notes that a reasonable person could interpret at least questions four and five as standard form questions posed to all potential customers rather than assertions about Morris's vehicle in particular.

entity." Doc. [15-1] ¶ 9. The affidavit also states that the IP address associated with the form indicates that "the claimed consent originated internally from CarShield." *Id.* ¶ 17. The affidavit was sworn under "penalty of perjury pursuant to 28 U.S.C § 1746." *Id.* ¶ 2.

While there may yet be an innocent explanation for the parties' divergent factual claims, the implications of their current positions—i.e., that Defendant fabricated material evidence or Plaintiff submitted false testimony under penalty of perjury—are serious. Rule 11 of the Federal Rules of Civil Procedure states:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support.

FED. R. CIV. P. 11(b). Submitting fraudulent evidence or false testimony under penalty of perjury could also have repercussions beyond this lawsuit.[5] At this time, the Court does not know if anyone has violated Rule 11 or any other professional or legal norm, but the briefing does raise that specter. The Court encourages the parties and their attorneys to review their filings to ensure that they are consistent with all applicable legal and ethical norms.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [8], is DENIED.

**IT IS FURTHER ORDERED** that a Rule 16 Conference is set for **2:00 p.m.** on **May 14, 2026**, in the Chambers of the undersigned.

**IT IS FINALLY ORDERED** that, no later than **May 7, 2026**, the parties shall submit a joint proposed scheduling plan.

Dated this 30th day of March, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[5] *See, e.g.*, *In re Caranchini*, 956 S.W.2d 910, 919 (Mo. 1997), *as modified on denial of reh'g*, (Dec. 23, 1997) ("[W]hen an attorney, with an intent to deceive the court, submits a false document, makes a false statement, or withholds material information, disbarment is the appropriate sanction."); 18 U.S.C. § 1623(a) (knowing submission to a United States court of a "false material declaration" under penalty of perjury is punishable by a fine or imprisonment of up to five years).