**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| BOBBY MORRIS, individually and on behalf of all others similarly situated, | Case No.   4:25-cv-441 |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| NRRM, LLC d/b/a CARSHIELD | |
| Defendant. | |

**JOINT PROPOSED SCHEDULING PLAN**

Plaintiff Bobby Morris ("Plaintiff") and NPRM, LLC d/b/a Carshield ("Defendant") (collectively, "the Parties") submit the following Joint Proposed Scheduling Plan pursuant to the Court's March 30, 2026 Order Setting Rule 16 Scheduling Conference (ECF No. 16).

1. **Nature of Case**

*Plaintiff's Statement*

Plaintiff filed this putative class action alleging that Defendant violated the Telephone Consumer Protection Act by placing telemarketing calls to numbers on the National Do Not Call Registry without their consent. Plaintiff's number has been on the National Do Not Call Registry since he registered it on the Registry on July 27, 2018, well prior to receiving the calls at issue. The Plaintiff responded during multiple of the calls that he was not interested and to stop calling, but the Defendant appears to simply have retaliated against the Plaintiff by calling him more and continuing to call him. In fact, the Plaintiff sent a letter to the Defendant regarding the receipt of the unwanted calls to ascertain why he received them. In response, he received the letter reproduced on the following page (from which Plaintiff's counsel has redacted Plaintiff's home address), with a handwritten response scrawled in Sharpie and highlighted, "WE DISAGREE SEND

us A copy of the complaint You propose To File Against Us And we will Assess x Public

Relations." Plaintiff brings this action on behalf of the following proposed classes:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of CarShield, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

> **Internal Do Not Call Class**: All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) who had previously asked for the calls to stop or for a copy of Defendant's Do Not Call Policy and (4) within the four years prior to the filing of the Complaint.

Plaintiff denies Defendant's characterization of this case and its attempt to portray Plaintiff as a "professional plaintiff." The evidence will show that Plaintiff did not provide prior express consent to receive telemarketing calls from Defendant as alleged, and that any purported consent obtained through online forms is invalid, insufficient, or not attributable to Plaintiff. Moreover, even if Defendant contends that some form of consent existed, such consent was revoked when Plaintiff expressly requested that the calls stop, yet Defendant continued to place additional calls in violation of the Telephone Consumer Protection Act. Defendant's assertions regarding Plaintiff's alleged motives are irrelevant and unsupported, and do not excuse its statutory obligations under federal law.

To be clear, despite the Defendant's attempts to solicit otherwise, the Plaintiff has not made any individual demand. Any assertion that this is a "shakedown" is simply false.

### *Defendant's Statement*

This case is a classic shakedown by a professional plaintiff, which he does to other companies as well. Defendant CarShield does not buy lists of customers to randomly or mass dial anyone. The ways in which CarShield obtains customers is from consumers calling CarShield from

an online ad or seeing a television commercial or mail advertisement that displays a CarShield phone number, or from filling out a form online to ask CarShield to call a customer back with a quote.

In this case, Plaintiff Bobby Morris filled out a form online with his name, number and car information and gave express consent to CarShield to call. Only then did CarShield call him back. CarShield reached out to Plaintiff in response to his inquiry a total of six times, four which Plaintiff answered and did not mention anything about not wanting to be called. That's because his M.O. is to rack up as many calls so he can maximize lawsuit return. What's worse is Plaintiff placed 5 calls to CarShield during this time period. After the third time, CarShield blocked Plaintiff from calling more (not the other way around).  CarShield has filed a counterclaim on these issues, one of which is for abuse of process because Plaintiff is seeking something he cannot obtain in the litigation, namely forcing hundreds of thousands of dollars if not more in settlement, when the maximum recovery for Plaintiff even if CarShield would have called him without consent (which it absolutely did not) is $21,000.

In addition, this case is not appropriate in the slightest for class action certification as even in a bizarro world where someone else unrelated to the parties signed Bobby Morris up to receive a call back from CarShield, and Morris who has filed many similar lawsuits did not fill out the form in this case, this Court would have to examine each individual class member's consent and ask each if they are the ones who filled out the consent form.

2. **Prospect of Prompt Settlement or Resolution of the Case**

The parties have discussed resolution, but the matter requires further discovery for the conversations to advance.

3. **Proposed Discovery Plan and Schedule**

(a) <u>Track Assignment</u>:

The Parties agree that this case should be assigned to Track 2.

(b) <u>Dates for Joinder of Additional Parties or Amendments of Pleadings</u>: All motions to join additional parties or to amend the pleadings, except for good cause shown, must be filed by **August 7, 2026.**

(c) <u>Discovery Plan</u>

i)      **Method of Producing Electronic Discovery**. Electronic discovery shall be produced to the requesting party as kept in the ordinary course of business or in a reasonably usable form or forms as required by Federal Rule of Civil Procedure 34 and interpretative case law. If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party electronic copies of the documents in a reasonably usable form by e-mail link, or by other electronic means. If the receiving party determines in good faith that a disclosure of a document in a printed format does not adequately allow the party to review the document, the receiving party may request that an electronic copy be provided. The parties agree to serve discovery by email.

**Cost and Burden of Producing Electronic Discovery**. Unless the party with the burden of bearing the costs demonstrates to the Court that the cost is overly burdensome, the following presumption applies: To the extent that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling the requests.

**Protective Order and/or Privileged Data**. The parties agree that a protective order governing confidential documents is appropriate and necessary. Defendant intends to seek a protective order regarding highly confidential documents as well while the Plaintiff does not

believe any "highly" confidential designation is required. The parties are conferring regarding the contents of such an order.

ii)  **Asserting claims of privilege or of protection as trial-preparation material after production**. The parties have agreed that a claw back provision is appropriate in this case as required by Federal Rule of Civil Procedure 26(b)(5)(B).

iii)  The Parties shall make their initial disclosures as required under Federal Rule of Civil Procedure 26(a)(1) no later than **May 4, 2026.**

iv)  Discovery need not be conducted in phases, or limited to certain issues.

v)  Plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **September 24, 2026,** and shall make expert witnesses available for depositions, and have depositions completed, no later than **November 12, 2026**, Defendant shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **December 16, 2026** and shall make expert witnesses available for depositions, and have depositions completed, no later than **February 8, 2027.**

vi)  The presumptive limits of ten (10) depositions per side and twenty-five (25) interrogatories per party should apply.  Defendant further suggests that the parties be limited to 25 requests or production and 20 requests for admissions per side.

vii)  The Parties do not anticipate conducting physical or mental examinations pursuant to Federal Rule of Civil Rule 35.

viii)  All discovery shall be served by **November 4, 2026.**

ix)  Motions to compel shall be pursued in a diligent and timely manner, but no event may be filed after **December 11, 2026.**

(d)      Alternative Dispute Resolution: The Parties believe that referral of this action to Alternative Dispute Resolution may be useful, with mediation to be conducted no later than **December 11, 2026**.

(e)      Class Certification Motion: Plaintiff proposes that his motion for class certification and all memorandum and supporting materials must be filed no later than **February 1, 2027;** opposition briefs shall be filed 30 days thereafter; any reply brief 21 days after the response. Defendant proposes that the motion for class certification be filed no later than July 7, 2026, opposition briefs be filed within 21 days thereafter, and any reply brief be filed within 14 days of Defendant's opposition brief.  Defendant further proposes that a class certification hearing, if any, be held no later than August 19, 2026.

(f)      Dispositive Motions: The parties propose that any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings or, if applicable, any motion to exclude testimony pursuant to *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993) or *Kumho Tire Co. Ltd v. Carmichael,* 526 U.S. 137 (1999), must be filed by **February 15, 2027.**

(g)      Trial Date: The earliest date by which this case should reasonably be expected to be ready for trial is **June 25, 2027.**

(h)      Estimated Length of Trial: The estimated length of trial will be five (5) days.

(i)      Other Matters: The parties anticipate there may be documents or information that will be exchanged in discovery that will require a protective order governing the confidentiality of such records in which case the parties will work together to create a proposed protective order to present to the Court.

The undersigned hereby certify that a copy of the above has been circulated and discussed and stipulated to by all counsel of record.

Dated: April 6, 2026

Respectfully submitted,

/s/ *Anthony I. Paronich*_____

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com


*Attorney for Plaintiff*

/s/ *Jeffrey H. Kass*

Jeffrey H. Kass
Dickson Wright LLP
1125 17th St., Suite 550
Denver, CO 80202
Telephone: 303-723-8403
JKass@dickinsonwright.com


*Attorney for Defendant*